UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISON

| | | |
|---|---|---|
| HANNAH CHRISTINE BANE, | ) | |
| by and through her Guardian, | ) | |
| DESIREE BANE and her Conservator, | ) | |
| DEIDRE TILLMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | CASE NUMBER:_____ |
| | ) | |
| SOUTHEAST CORRECTIONAL | ) | |
| MEDICAL GROUP, INC., a Tennessee | ) | |
| Corporation; | ) | JURY TRIAL DEMANDED |
| LEE COUNTY, a Georgia County; | ) | |
| REGGIE RACHALS, in his capacity as | ) | |
| as LEE COUNTY SHERIFF; | ) | |
| C. JACKSON, LPN; and | ) | |
| J. DOES 1-10 | ) | |
| | ) | |
| Defendants. | ) | |

---

## COMPLAINT

---

COMES NOW, Plaintiff, HANNAH CHRISTINE BANE, by and through her Guardian Desiree Bane and her Conservator Deidre Tillman, by and through counsel, and files this action against the above-named Defendants, respectfully showing the Court as follows:

### INTRODUCTION

1.

This is a civil rights action for relief from violations of rights guaranteed by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, Title 42, Section 1983 of the United States Code, the laws of the United States, and the laws of the State of Georgia.

2.

On or about October 10, 2017, Hannah Bane suffered from a cardiac arrest and has been diagnosed with an anoxic brain injury because Defendants were deliberately indifferent to her serious medical need.  Southeast Correctional Medical Group, Inc, ("SECMG") by and through its agents chose to protect its own profits.  The Sheriff and Lee County in turn chose to ignore Ms. Bane's need for medical assistance and to protect their private contractor.

3.

Defendant SECMG is contractually obligated to provide medical care to inmates detained at Lee County Jail.

4.

SECMG's agreement with the County provides that the County pays a set amount to SECMG per year to provide medical care to the detainees at the Lee County Jail.

5.

Whatever SECMG does not spend providing medical care it retains as profit under the terms of the agreement.

6.

This "keep what you do not spend" compensation structure provides SECMG with a direct, dollar for dollar, incentive to deny medical care to inmates.

7.

During 2017, SECMG's executive and administrative teams deliberately engaged in a pattern of understaffing and under-resourcing the Lee County Jail along with and delaying medically-necessary treatment for as long as possible in order to avoid responsibility for the costs of basic medical care.  The primary motivation for SECMG's conduct was to enlarge its profit margin.

8.

These practices resulted in detainees failing to receive needed medical care while detained at the Lee County Jail, and the practices directly contradicted the detainees' constitutionally-protected right to receive treatment for serious medical needs.

9.

Hannah Bane was one such inmate.  After being detained at Lee County Jail on October 9, 2017, Ms. Bane had her serious medical needs ignored, went into cardiac arrest on October 10, 2017, and, as a result, suffered an anoxic brain injury.

10.

As a result of the actions and inactions of the above-named defendants and SECMG's preference for profits over patients, Ms. Bane now lives in a persistent vegetative state.

11.

Desiree Bane and Deidre Tillman now bring this case in their capacities as Guardian and Conservator for Hannah Bane, to redress Ms. Bane's injuries and SECMG's deprivation of Ms. Bane's rights as guaranteed by the Constitution and laws of the United States and the state of Georgia.

## JURISDICTION

12.

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as to the Plaintiffs' claims that arise under the Fourth, Eighth, and Fourteenth Amendments to the Constitution and laws of the United States, to wit 42 U.S.C. § 1983, and pursuant to § 1343, to redress the deprivation, under color of state law, of Plaintiffs' rights guaranteed by Constitution of the United States pursuant to § 1983 and § 1988.

13.

This Court also has supplemental jurisdiction over any state law claims, which arise from the same facts and circumstances, pursuant to 28 U.S.C. § 1367.

14.

Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391.

**PARTIES**

15.

Plaintiff Hannah Bane (hereinafter, "Plaintiff" and/or "Bane") is an adult woman who has been adjudicated to lack capacity to make and/or communicate significant responsible decisions about her health and/or safety and concerning the management of her property. To that end, the Probate Court of Bulloch County, Georgia has appointed Desiree Bane as Guardian for Ms. Bane and Deidre Tillman as Conservator for Ms. Bane. At all times relevant to this case, Ms. Bane is, and was, a citizen of the United States of America, residing in the state of Georgia.

16.

Desiree Bane is the mother and Deidre Tillman the sister of Hannah Bane.

17.

In bringing this action against the above-named Defendants, Desiree Bane and Deidre Tillman are acting in their representative capacity for the benefit of, and on behalf of, Hannah Bane.

18.

Ms. Bane is now, and at the time of her arrest was, a citizen of the United States of America, residing in the state of Georgia, and entitled to the protections of the Constitution and laws of the United States and the Constitution and laws of the State of Georgia.

19.

Defendant SECMG, INC. ("SECMG") is a Tennessee corporation that contracted with Lee County, Georgia to provide physical and mental health care, screening, assessment, treatment, and attention to those inmates detained at the Lee County Jail.  SECMG may be served through its registered agent, Corporate Creations Network, Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30006.

20.

Defendant LEE COUNTY ("the County") is a political subdivision of the State of Georgia. The County entered into an agreement with SECMG to provide inmate healthcare services at the Lee County Jail.

21.

REGGIE RACHALS ("Rachals") is a resident of the state of Georgia and can be served with process at 119 Pinewood Rd, Leesburg, GA 31763.  He is sued in his official capacity as LEE COUNTY SHERIFF.

22.

"C. JACKSON, LPN" ("Jackson") is an individual who, upon information and belief, a resident of the state of Georgia.  At all times relevant to this Complaint, "C. Jackson" was employed by SECMG as an LPN. Upon information and belief, C. Jackson may be served with process at 119 Pinewood Rd, Leesburg, GA 31763.

23.

Defendant J. DOES 1-10 were at all relevant employees or agents of the Lee County Sheriff's Office or SECMG.  J. DOES 1-10 are liable directly for injuries sustained by Plaintiff. Plaintiff is unaware of the true identities of these Defendants and therefore sues each by fictitious name.  Plaintiff will amend this Complaint to allege the true names and capacities when ascertained and intends to seek immediate discovery from Defendants to determine the identity of J. DOES 1-10.

## FACTUAL ALLEGATIONS

24.

The Lee County Sheriff's Office ("LCSO") and Lee County ("the County") jointly operate the Lee County Jail ("Jail").

25.

Both the LCSO and the County have a legal obligation to provide medical care to the inmates who are either detained or incarcerated at the jail.

26.

The County contracted with SECMG, Inc. ("SECMG") for SECMG to provide medical care to the inmates at the jail.

27.

On October 9, 2017, Ms. Bane was arrested for a misdemeanor probation revocation and transported to the jail.

28.

Upon arrival at the jail a form entitled "Medical Questions" was completed by an unknown individual at the jail. Although the form is unsigned, it appears said individual was employed by the LCSO, and the form appears to be an LCSO form. Said form is attached hereto as "Exhibit A."

29.

Question 8 of said form asked, "Do you have any drug (including street drugs) or alcohol use that could cause withdrawal problems?" The form indicates that Ms. Bane answered "yes" and disclosed that she had used heroin that very morning.

30.

Page 2 of Exhibit A indicates that Ms. Bane was suffering from night sweats and specifically that she was experiencing withdrawal symptoms.

31.

Inexplicably, Page 3 of Exhibit A indicates that Ms. Bane was purportedly not demonstrating any "problems or symptoms" despite the previous pages noting her recent drug usage and active withdrawal. See Exhibit A, page 3, observations 1-10.

32.

Page 4 of Exhibit A indicates that Ms. Bane had a history of drug abuse but yet did not appear to be under the influence of drugs at that time.

33.

Upon information and belief, the individual completing the form attached as Exhibit A had no medical training and was not qualified to preform a medical assessment.

34.

Upon information and belief, despite having disclosed drug usage the day she was arrested and jailed, the staff at the jail did not refer Ms. Bane to receive any medical evaluation or attention.

35.

The jail has one or more "detox cells" and/or "medical observation" cells. Rather than being placed in such a cell, Ms. Bane was placed in general population and was not medically observed.

36.

On October 10, 2017, Ms. Bane received a medical intake screening. Said screening was preformed by Defendant "C. Jackson, LPN." Said Medical Intake Triage / Receiving Screening form is attached hereto as "Exhibit B."

37.

On page 2 of Exhibit B it is noted that Ms. Bane disclosed, just as she had upon her arrival at the jail, that she had used heroin the morning of October 9, 2017.

38.

Page 2 of Exhibit B also indicates that Ms. Bane was "currently withdrawing" from drugs, specifically heroin. Her symptoms of withdrawal were shakes, vomiting, diarrhea, and flushed face.

39.

Page 2 of Exhibit B also indicates that Ms. Bane was "acting in (an) incoherent or strange manner."

40.

Despite the fact that Ms. Bane disclosed she had used heroin the day before, was observed to be currently withdrawing, had multiple symptoms of withdrawal, and was acting in a strange or incoherent manner, Defendant Jackson cleared Ms. Bane for general population.

41.

As stated above, the jail has one or more "detox cells" and/or "medical observation" cells. Yet again, rather than being placed in such a cell, Ms. Bane was placed in general population and was not medically observed.

42.

On October 10, 2017, Defendant Jackson also completed a CIWA form for Ms. Bane to assess her withdrawal symptoms. A copy of said CIWA form is attached hereto as "Exhibit C."

43.

The CIWA form (Ex. C) appears to have been completed at the exact same time as the medical intake form (Ex. B). In direct contradiction to the notations on Exhibit B that Ms. Bane had shakes, vomiting, diarrhea, a flushed face, and was acting in a strange or incoherent manner, Exhibit C gives Ms. Bane a score of zero (0) for nausea, tremors, anxiety, agitation, paroxysmal sweats, and orientation.

44.

In fact, Exhibit C notes no signs of withdrawal for Ms. Bane, and she received a total CIWA score of zero (0).

45.

Exhibit C also contains the one and only time Ms. Bane's vital signs were taken.

46.

On October 10, 2017, a Physicians Order Form was completed for Ms. Bane. A copy of said form is attached hereto as "Exhibit D."

47.

Although entitled "Physicians Order Form" all of the writing on said form appears to have been completed by Defendant Jackson – an LPN. Defendant Jackson's signature appears on said form, no doctor signed said form, and there is no indication that a doctor reviewed or approved said form or the course of treatment prescribed thereon.

48.

Exhibit D indicates that Defendant Jackson, an LPN, prescribed Vistaril and Clonidine to Ms. Bane "per protocol." Upon information and belief said protocol was a withdrawal protocol.

49.

Appropriate medical care for an individual in Ms. Bane's position of actively withdrawing from heroin would have included, at a minimum, medical observation, regular checking of her vital signs, and reassessing her withdrawal symptoms every 3-4 hours. Ms. Bane received none of that care.

50.

Ms. Bane's records reflect that she received Vistaril and Clonidine at 09:00 and 16:00 on October 10, 2017.[1] See "Exhibit E" attached hereto.

51.

Upon information and belief, Ms. Bane was given a third dosage (i.e. an overdose) of both the Vistaril and Clonidine late in the evening of October 10, 2019.

52.

Ms. Bane's vital signs were never checked after 09:43 on October 10, 2017, she was not placed on medical observation, and her withdrawal symptoms were never reassessed.

53.

Shortly before midnight on October 10, 2017, Ms. Bane went into cardiac arrest in cell 106 at the Lee County Jail.

54.

At the time of her cardiac arrest there were no medical staff at the jail.

---

[1] It is not possible for said medications to have been administered at 09:00 on October 10th as the order for said medications was not written until at least 09:43 that day. Regardless, the records indicate said medications were given at 09:00.

55.

At the time of her cardiac arrest none of the security staff on duty had been trained in CPR.

56.

Ms. Bane was taken to Phoebe Putney Memorial Hospital. Although Ms. Bane's life was saved, it was later determined that she suffered an irreversible anoxic brain injury.

57.

Ms. Bane now lives in a persistent vegetative state and will never recover.

## COUNT I — Violation of 42 U.S.C.A. § 1983
### (Sheriff's Deliberate Indifference to Ms. Bane Individually)

58.

Plaintiff re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 57 as fully set forth above.

59.

Count I is brought against Defendant RACHALS in his official capacity as Sheriff of Lee County, pursuant to 42 U.S.C. § 1983, for deliberate indifference to the critical medical needs of Ms. Bane and all other inmates incarcerated at the Lee County Jail.

60.

The Sheriff knew on October 9, 2017 that Ms. Bane had a serious medical condition – to wit: opioid withdrawal – and that if the condition was not adequately monitored and addressed it could result in serious irreparable harm and even death. See Exhibit A.

61.

Despite such knowledge, Ms. Bane – a woman in active and obvious withdrawal – was not referred for any medical treatment and was placed in general population.

62.

Despite knowledge of Ms. Bane's serious medical needs, the Sheriff was deliberately indifferent to those serious medical needs in failing to refer Ms. Bane for medical treatment and assessment.

63.

As a direct and proximate result of the Sheriff's outright denial of medical treatment and/or deliberate indifference toward Ms. Bane's serious medical needs, Ms. Bane suffered and continues to suffer great physical injury, pain, discomfort, lost wages, lost enjoyment of life, disability, and mental anguish in violation of her constitutional rights guaranteed by § 1983 and the Fourteenth Amendment.

64.

As a result, Ms. Bane suffered damages in an amount be determined at trial. Plaintiff also seeks reasonable attorney's fees and costs, pre-judgment interest and further relief as the Court deems appropriate.

**COUNT II — Violation of 42 U.S.C.A. § 1983**
**(Sheriff and County's Policy or Custom of Deliberate Indifference)**

65.

Plaintiff re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 64 as fully set forth above.

66.

Count II is brought against Defendant RACHALS in his official capacity as Sheriff of Lee County, and Defendant LEE COUNTY pursuant to 42 U.S.C. § 1983, for a pattern and practice of deliberate indifference to the critical medical needs of Ms. Bane and all other inmates incarcerated at the Lee County Jail.

67.

As October 2017, the Sheriff employed deputies who administered medical evaluations to inmates at the time of their booking.

68.

Said deputies were not medically trained in any way.

69.

As of October 2017, the County and the Sheriff knew there were no medical staff at the jail after certain hours.

70.

As of October 2017, the Sheriff and the County knew the deputies on duty overnight would be the first responders to any medical emergencies. Additionally, the Sheriff and the County knew that said deputies who were responding to medical emergencies had no medical training,

71.

The Sheriff and the County adopted a custom or practice of supporting Defendant SECMG's decision to increase profits by failing to provide adequate medical care to inmates detained at jail.

72.

The County and the Sheriff have been aware that SECMG is deliberately indifferent to the medical needs of the inmates, provides poor care, and regularly violates the law in the execution of its contract with the County.

73.

At all times relevant to this Complaint, it was the Sheriff and County's widespread custom, policy, practice and/or procedure to support SECMG's decisions to deny medical treatment of or be deliberately indifferent to the serious medical needs of all of the prisoners/detainees incarcerated at the jail, who had or could have serious and potentially expensive medical problems.

74.

As of October 2017, the Sheriff and the County knew that the medical care being provided at the jail was inadequate, that deputies were preforming medical functions without training, and that SECMG was denying medical care to increase profits. Despite said knowledge, the Sheriff and the County were deliberately indifferent to the serious medical needs of the inmates at the Lee County jail knowing full well that injuries and/or deaths could result therefrom.

75.

As a direct and proximate result of the Sheriff and County's deliberate indifference toward all detainees at the jail, Ms. Bane suffered and continues to suffer great physical injury, pain, discomfort, lost wages, lost enjoyment of life, disability, and mental anguish in violation of her constitutional rights guaranteed by § 1983 and the Fourteenth Amendment.

76.

As a result, Ms. Bane suffered damages in an amount be determined at trial. Plaintiff also seeks reasonable attorney's fees and costs, pre-judgment interest and further relief as the Court deems appropriate.

## COUNT III — Violation of 42 U.S.C. § 1983
### (SECMG's Deliberate Indifference to Ms. Bane's Serious Medical Needs)

77.

Plaintiff re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 76 as fully set forth above.

78.

Count III is brought against Defendant SECMG pursuant to 42 U.S.C. § 1983 for deliberate indifference to the critical medical needs of Ms. Bane.

79.

SECMG and/or its employees or agents, knew in October 2017 that Ms. Bane had a serious medical condition – to with: withdrawal – and that if the condition was not adequately monitored and addressed it could result in serious irreparable harm and even death.

80.

By October 10, 2017 SECMG and/or its employees or agents, knew that Ms. Bane was suffering from withdrawal.

81.

Despite knowledge of Ms. Bane's serious medical needs, SECMG and its employees or agents were deliberately indifferent to those serious medical needs in failing to provide the necessary medical care and treatment to Ms. Bane.

82.

SECMG and its employees or agents knew that taking no action and/or insufficient action could result in the rapid and permanent deterioration of Ms. Bane's health and even her death.

83.

At all times relevant to this Complaint, it was SECMG's widespread custom, policy, practice and/or procedure to outright deny medical treatment of, or be deliberately indifferent to the serious medical needs of Ms. Bane, and other inmates detained or incarcerated at the Lee County jail who had serious and potentially expensive medical problems.

84.

As a direct and proximate result of SECMG's institutional outright denial of medical treatment and/or deliberate indifference toward Ms. Bane's serious medical needs, Ms. Bane suffered and continues to suffer great physical injury, pain, discomfort, lost wages, lost enjoyment of life, disability, and mental anguish in violation of her constitutional rights guaranteed by § 1983 and the Fourteenth Amendment.

85.

As a result, Ms. Bane suffered damages in an amount be determined at trial. Plaintiff also seeks reasonable attorney's fees and costs, pre-judgment interest and further relief as the Court deems appropriate.

**COUNT IV — Violation of 42 U.S.C. § 1983**

(Defendant C. Jackson, LPN)

86.

Plaintiff re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 85 as fully set forth above.

87.

Count IV is brought against Defendant C. Jackson, LPN pursuant to 42 U.S.C. § 1983 for deliberate indifference to the critical medical needs of Ms. Bane.

88.

Defendant Jackson knew in October 2017 that Ms. Bane had a serious medical condition – to with: withdrawal – and that if the condition was not adequately monitored and addressed it could result in serious irreparable harm and even death.

89.

By October 10, 2017 Defendant Jackson knew that Ms. Bane was suffering from withdrawal.

90.

Despite knowledge of Ms. Bane's serious medical needs, Defendant Jackson was deliberately indifferent to those serious medical needs in failing to provide the necessary medical care and treatment to Ms. Bane.

91.

Defendant Jackson knew that taking no action and/or insufficient action could result in the rapid and permanent deterioration of Ms. Bane's health and even her death.

92.

As a direct and proximate result of Defendant Jackson's denial of medical treatment and/or deliberate indifference toward Ms. Bane's serious medical needs, Ms. Bane suffered and continues to suffer great physical injury, pain, discomfort, lost wages, lost enjoyment of life, disability, and mental anguish in violation of her constitutional rights guaranteed by § 1983 and the Fourteenth Amendment.

93.

As a result, Ms. Bane suffered damages in an amount be determined at trial. Plaintiff also seeks reasonable attorney's fees and costs, pre-judgment interest and further relief as the Court deems appropriate.

**COUNT V — Violation of 42 U.S.C. § 1983**

(J. Does)

94.

Plaintiff re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 93 as fully set forth above.

95.

Defendant J. DOES 1-10 were at all relevant an employee or agents of the Lee County Sheriff's Office or SECMG.

96.

Count V is brought against Defendant J. Does pursuant to 42 U.S.C. § 1983 for deliberate indifference to the critical medical needs of Ms. Bane.

97.

Defendant J. Does knew in October 2017 that Ms. Bane had a serious medical condition – to with: withdrawal – and that if the condition was not adequately monitored and addressed it could result in serious irreparable harm and even death.

98.

By October 10, 2017 Defendant J. Does knew that Ms. Bane was suffering from withdrawal.

99.

Despite knowledge of Ms. Bane's serious medical needs, Defendant J. Does were deliberately indifferent to those serious medical needs in failing to provide the necessary medical care and treatment to Ms. Bane.

100.

Defendant J. Does knew that taking no action and/or insufficient action could result in the rapid and permanent deterioration of Ms. Bane's health and even her death.

101.

As a direct and proximate result of Defendant J. Does denial of medical treatment and/or deliberate indifference toward Ms. Bane's serious medical needs, Ms. Bane suffered and continues to suffer great physical injury, pain, discomfort, lost wages, lost enjoyment of life, disability, and mental anguish in violation of her constitutional rights guaranteed by § 1983 and the Fourteenth Amendment.

102.

As a result, Ms. Bane suffered damages in an amount be determined at trial. Plaintiff also seeks reasonable attorney's fees and costs, pre-judgment interest and further relief as the Court deems appropriate.

WHEREFORE, Plaintiff respectfully prays:

(A)     That summons and process issue and be served upon Defendants;

(B)     For a trial by a jury;

(C)     That the Court enter judgment declaring that the acts and omissions of the Defendants as set forth above violated rights secured to Ms. Bane by the Fourteenth Amendment to the Constitution of the United States;

(D)     That the Court award actual, compensatory, and punitive damages to Ms. Bane;

(E)     That the Court require the Defendants to pay the legal costs and expenses incurred herein including reasonable attorney's fees; and

(F)     For such other and further relief as the Court deems just and proper.

Respectfully submitted, this 10th day of October, 2019.

THE CLAIBORNE FIRM, P.C.

/s/ *David J. Utter*
DAVID J. UTTER
Bar Number: 723144
*Attorney for Plaintiff*

410 East Bay Street
Savannah, Georgia 31401
(912) 236-9559 Telephone
(912) 236-1884 Facsimile
david@claibornefirm.com