IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| HANNAH CHRISTINE BANE, | : | |
| by and through her Guardian, | : | |
| DESIREE BANE, and her Conservator, | : | |
| DEIDRE TILLMAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:19-CV-179 (LAG) |
| | : | |
| SOUTHEAST CORRECTIONAL | : | |
| MEDICAL GROUP, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER

Before the Court is Defendants' Motion to Exclude Plaintiff's Expert Homer Venters, MD and Expert Opinions of Plaintiff's Treating Physicians. (Doc. 28). For the reasons stated below, Defendants' Motion is **GRANTED in part** and **DENIED in part**.

## BACKGROUND

This case arises from a medical incident and subsequent injuries Plaintiff Hannah Bane suffered in October 2017 while detained at the Lee County Jail. (Doc. 1 ¶¶ 2, 9–11). On October 10, 2019, Plaintiff's mother and sister, Desiree Bane and Diedre Tillman, filed this case on Plaintiff's behalf in their respective capacities as her Guardian and Conservator. (*Id.* ¶¶ 11, 16). Plaintiff names as Defendants Southeast Correctional Medical Group, LLC (SECMG), Lee County, Lee County Sheriff Reggie Rachals, SECMG employee C. Jackson, LPN, and J. Does 1–10, who are unidentified employees or agents of Lee County or SECMG, and raises claims under 42 U.S.C. § 1983 for violations of Plaintiff's Eighth and Fourteenth Amendment rights. (*Id.* ¶¶ 1, 19–23, 58–102).

On January 2, 2020, the Court entered a Rules 16 and 26 Order in this case. With regard to expert disclosures, the Order provided:

> Any party who may use an expert witness at trial must disclose the expert early enough in the discovery period to give the opposing party the opportunity to depose the expert. *All expert witness disclosures must satisfy the requirements of Rule 26(a)(2)(B)*. A plaintiff designating an expert must disclose the identity of the expert within 90 days after the submission of the Proposed Order to the Court. A defendant designating an expert must disclose the identity of the expert within 120 days after the submission of the Proposed Order to the Court.

(Doc. 18 at 3) (emphasis added). With regard to treating physicians, the Court advised "that a treating physician, depending on the subject matter of the physician's testimony, may be treated as an expert for purposes of disclosure of the physician's opinions and the admissibility of those opinions." (*Id.* at 3–4).

Counsel conferred as directed and submitted a proposed scheduling order, which the Court adopted on February 3, 2020. (Doc. 20). With regard to expert disclosures, the Order set the deadline for Plaintiff's expert disclosures as May 4, 2020. (*Id.* at 1). The Court explicitly reminded the Parties that "[e]xpert reports shall comply with Federal Rule of Civil Procedure 26(a)(2)(B)." (*Id.*). The Court subsequently granted three discovery extensions, and the ultimate date for Plaintiff's expert disclosures was set at August 3, 2020. (Doc. 22). On August 3, 2020, Plaintiff served a document titled "Plaintiff's Preliminary Expert Witness Disclosures," which stated that "Plaintiff may call [Dr. Homer Venters] to render a report and/or testify at trial as an expert witness in the future[.]" (Doc. 40-7 at 2). The document goes on to state that Dr. Venters' "Expert Field" is "medical and administrative health care and emergency medical care within correctional facilities, including jails." (*Id.*). A copy of Dr. Venters' CV was attached to the document. (Doc. 28-2). The document also includes a list of individuals who may be called as non-retained experts. (Doc. 40-7 at 3–4).

Plaintiff's Preliminary Expert Witness Disclosures does not include any statement of the opinions to be expressed or the basis for them, the facts considered by Dr. Venters, any exhibits that will be used to summarize or support Dr. Venters' opinion, or a statement of compensation to be paid. (*See id.* at 2–4). On February 28, 2021, Plaintiff served a

document titled "Plaintiff's Supplemental Expert Witness and Witness Disclosures," which attached Dr. Venters' "preliminary report." (Docs. 40-12, 44).

On January 26, 2021, SECMG and Nurse Jackson filed the present Motion, which Lee County and Sheriff Rachals joined two days later. (Docs. 28, 32). Plaintiff responded and Defendants replied. (Docs. 40, 51). Plaintiff sought leave for permission to file a surreply, which the Court denied. (Docs. 55, 56). Accordingly, Defendants' Motion is now ripe for review. *See* M.D. Ga. L.R. 7.3.1(A).

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). A Rule 26 disclosure that includes a witness "retained or specially employed to provide expert testimony" must be accompanied by a written report "prepared and signed by the witness." *Id.* at 26(a)(2)(B). The written report must include:

> (i)   a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii)  the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv)  the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v)   a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi)  a statement of the compensation to be paid for the study and testimony in the case.

*Id.* at 26(a)(2)(B)(i)–(vi). The requirements for expert witness disclosures "are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise," so "compliance with the requirements of Rule 26 is not merely aspirational." *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008) (citation omitted).

Under Rule 37, a party that fails to identify a witness as required by Rule 26(a) cannot "use the information or witness . . . at trial, unless the failure was substantially

justified or is harmless." Fed. R. Civ. P. 37(c)(1). The burden of demonstrating that a failure
to disclose was substantially justified or harmless falls on the nondisclosing party. *Mitchell
v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (per curiam). In *OFS Fitel,
LLC v. Epstein, Becker & Green, P.C.*, the Eleventh Circuit identified five factors to
consider when determining if a party's failure to comply with Rule 26(a) was substantially
justified, including:

1) whether there was a complete failure to provide
   information about an expert witness;
2) whether the violating party communicated with opposing
   counsel about the need for additional information;
3) whether the late disclosure came as a surprise to opposing
   counsel;
4) whether a trial date has been set; and
5) whether the violating party reasonably needed additional
   information to produce the report.

549 F.3d 1344, 1363–64 (11th Cir. 2008); *see also McMillan v. Arrow Truck Sales Inc.*,
No. 1:17-cv-2653-SCJ, 2019 WL 2137466, at *3 (N.D. Ga. Mar. 12, 2019). Where a
violation of Rule 26(a) is substantially justified or harmless, the Court, "after giving an
opportunity to be heard . . . may order payment of the reasonable expenses, including
attorney's fees, caused by the failure," "inform the jury of the party's failure," or "impose
other appropriate sanctions." Fed. R. Civ. P. 37(c)(1)(A)–(C).

## DISCUSSION

Plaintiff admits that her August 3, 2020 expert witness disclosure did not comply
with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B). (Doc. 40 at 8).
Although the Court finds that the nondisclosure was neither substantially justified nor
harmless, the Court will not exclude the testimony of Dr. Venters. Defendants, however,
will be awarded attorney's fees and will be provided additional time to depose Dr. Venters
and make their expert disclosures.

As to the first factor, Plaintiff, in essence, completely failed to provide information
about Dr. Venters. *See McMillan*, 2019 WL 2137466, at *3. While Plaintiff informed
Defendants about her intent to employ Dr. Venters to testify at trial as an expert, there is

no indication of what opinions he would express or the basis for such opinions. Nor is there any mention of the facts or exhibits relevant to such opinions. In cases where courts have found that the first factor favors the nondisclosing party, that party provided some meaningful information about the expert's opinions. In *OFS Fitel, LLC*, the court stated: "First, this is not a case of complete failure to provide information about an expert witness. . . . [Plaintiff] identified . . . its expert . . . and filed an affidavit . . . with *at least some* information about her opinions." 549 F.3d at 1363 (emphasis added). Likewise, in *McMillian*, the court noted that the defendant "did provide information about its expert even though . . . a piece of information was missing[.]" 2019 WL 2137466, at *5. Here, Plaintiff provided no truly meaningful information about Dr. Venters' opinions. Thus, the first factor weighs against a finding that the failure to disclose was substantially justified.

As to the second factor, Plaintiff never "communicated with opposing counsel about the need for additional information" to prepare Dr. Venters' written report before Defendants filed the Motion to Exclude. *See McMillan*, 2019 WL 2137466, at *3. It was not until Defendants sought to exclude the expert report that Plaintiff served Defendants with Dr. Venters' affidavit in which he states:

> In order for me to produce a final report and testify in this matter, a tour of the Lee County Jail is required. In addition, deposition testimony or interviews with individuals with knowledge about staffing decisions, and policies and procedures concerning the provision of health care to people detained in the Lee County Jail, is necessary.

(Doc. 40-13 ¶ 4). As Plaintiff, the nondisclosing party, did not communicate with opposing counsel about Dr. Venters' need for additional information, the second factor weighs against a finding of substantial justification.

As to the third factor, Plaintiff argues that the late disclosure of Dr. Venters' preliminary report on February 28, 2021, should not have been a "surprise to opposing counsel." (Doc. 40-12 at 1–2; Doc. 44). As explained above, Plaintiff's August 3, 2020 disclosure stated that Dr. Venters was an expert in "medical and administration of health care and emergency medical care within correctional facilities, including jails." (Doc. 28-1

at 1). Although Defendants were aware Plaintiff retained Dr. Venters as an expert witness, they have been prejudiced by the untimely provision of Dr. Venters' written report as his preliminary report focuses on whether Nurse Jackson's actions met the standard of care. (Doc. 51 at 7). Dr. Venters' conclusions about whether certain actions met the medical standard of care appears to provide support for a state law medical malpractice claim, rather than a claim of deliberate indifference under 42 U.S.C. § 1983. But Plaintiff has raised claims exclusively under § 1983 in this case. (Doc. 1 ¶¶ 58–102). The requirements of Rule 26 are designed to present this kind of surprise and prejudice to Defendants' ability to adequately prepare their case. *Reese*, 527 F.3d at 1266. Accordingly, the third factor also weighs against a finding of substantial justification.

As to the fourth factor, there is no "imminent trial date" because the "trial date has not been set." *See McMillan*, 2019 WL 2137466, at * 4–5. Discovery has been stayed since January 28, 2020, (*see* Doc. 34), and there is no risk that an extension of time for Defendants to sufficiently evaluate and respond to Dr. Venters' report will "greatly disrupt[] the efficiency of th[is] litigation." *Pitts v. HP Pelzer Auto. Sys., Inc.*, 331 F.R.D. 688, 697 (S.D. Ga. 2019) (citation omitted). Thus, the fourth factor weighs in favor of a finding of substantial justification.

Finally, as to the fifth factor, it may be the case that Dr. Venters reasonably needs the information identified in his affidavit to provide a complete report; but Plaintiff has not established that such information was necessary to meet the base requirements of Rule 26(a)(2)(B). As noted by Defendants, an expert report can be supplemented (Doc. 28 at 8); but the Court cannot find that Dr. Venters reasonably needed the information to prepare a report that met the base notice requirements of Rule 26(a)(2). Thus, the fifth factor weighs against a finding of substantial justification. Upon consideration of the five factors set forth in *OFS Fitel, LLC*, Plaintiff's failure to disclose was not substantially justified.

Nor was Plaintiff's failure to disclose harmless. Plaintiff's failure has affected Defendants' ability to prepare their case adequately and potentially has presented a surprise if Plaintiff is seeking to amend or alter its claims. Although the failure to disclose was not harmless, it can be cured. Given the stay of discovery entered on January 28, 2021, the

prejudice Defendants have suffered may be cured by granting their request for at least an additional 90 days to depose Dr. Venters and prepare their response to his expert opinions. (Doc. 51 at 9). Thus, the Court declines to exclude the testimony of Dr. Venters. *See Romero*, 552 F.3d at 1313–14. The Court will, however, allow Defendants more time to depose Dr. Venters and disclose their experts to ensure the nondisclosure does not hinder Defendants' ability to prepare their case.

Additionally, pursuant to Federal Rule of Civil Procedure 37(c)(1)(A), Plaintiff's Counsel is **ORDERED** to pay Defendants' attorneys' fees related to the present Motion, which were caused by Plaintiff's failure to comply with Rule 26(a). Attorneys' fees are appropriate here, and Plaintiff's Counsel received sufficient notice and opportunity to be heard through the briefing on Defendants' Motion which sought attorneys' fees as a sanction. *See Cincinnati Ins. Co v. Cochran*, 198 F. App'x 831, 833 (11th Cir. 2006).

## CONCLUSION

Accordingly, Defendants' Motion (Doc. 28) is **DENIED** as to the exclusion of the testimony of Dr. Venters and Plaintiff's treating physicians at trial but **GRANTED** as to Defendants' award of attorney's fees from Plaintiff's Counsel. Additionally, the stay of discovery in this matter will be lifted upon entry of a revised scheduling order. The Parties are **ORDERED** to meet and confer within **twenty-one (21) days**, and to submit a proposed scheduling order for the outstanding discovery in this matter within **thirty (30) days**. The proposed scheduling order shall include **ninety (90) days** for Defendants to depose Dr. Venters and disclose their own experts.

Furthermore, Defendants are ordered to submit their reasonable costs and fees associated with the filing of this Motion within **twenty-one (21) days** of the entry of this Order. Plaintiff may file a response in objection to the amount of fees and costs sought within **twenty-one (21)** days of Defendants' filing.

**SO ORDERED**, this 31st day of March, 2022.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**