## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | |
|---|---|
| HANNAH CHRISTINE BANE, by and through her Guardian, DESIREE BANE, and her Conservator, DEIDRE TILLMAN, : : : : Plaintiff, : : v. : CASE NO.: 1:19-CV-179 (LAG) : SOUTHEAST CORRECTIONAL : MEDICAL GROUP, INC., *et al.*, : : Defendants. : _____: | |

### ORDER

Before the Court are Plaintiff's Motion for Reconsideration (Doc. 71) and Defendants' Petition for Attorneys' Fees (Doc. 72). For the reasons explained below, Plaintiff's Motion for Reconsideration (Doc. 71) and Defendants' Petition for Attorneys' Fees (Doc. 72) are **GRANTED in part** and **DENIED in part**.

### BACKGROUND

This case arises from a medical incident and the resulting injuries Plaintiff Hannah Bane suffered in October 2017 while detained at the Lee County Jail. (Doc. 1 ¶¶ 2, 9–11). On October 10, 2019, Plaintiff's mother and sister filed this case on Plaintiff's behalf in their respective capacities as her Guardian and Conservator. (*Id.* ¶¶ 11, 16). Plaintiff asserts claims under 42 U.S.C. § 1983 for violations of her Eighth and Fourteenth Amendment rights against Defendants Southeast Correctional Medical Group, LLC (SECMG), Lee County, Lee County Sheriff Reggie Rachals, SECMG employee Cathy Jackson, LPN, and John Does 1–10, unidentified employees or agents of Lee County or SECMG. (*Id.* ¶¶ 1, 19–23, 58–102). On March 31, 2022, the Court partially granted two motions filed by Defendants SECMG and Jackson: the Motion to Exclude the Testimony and Affidavit of Nichelle Loud, to Disqualify Plaintiff's Attorneys, and for Attorneys' Fees and Litigation

Expenses (Motion to Exclude Loud's Testimony) (Doc. 27), and the Motion to Exclude Plaintiff's Expert Homer Venters, MD and Expert Opinions of Plaintiff's Treating Physicians (Motion to Exclude Expert Testimony) (Doc. 28). (*See* Docs. 69, 70). In the Order granting in part Defendants' Motion to Exclude Loud Testimony, the Court found that the affidavit Ms. Loud executed on November 8, 2020 was "materially different from the statement she gave to Desiree Bane," Plaintiff's mother, "in December 2018." (Doc. 70 at 10). Having considered the evidence presented, the Court found that Ms. Loud's testimony that her statements had been consistent over time was not credible. Given the timing of the payment to Mr. Meeks and the notation that the payment was for the Bane case, the Court further found that "the Claiborne Firm and [Fair Fight Initiative] (FFI) retained and paid Mr. Meeks to represent Ms. Loud" in an unrelated criminal matter "contingent upon her execution of the subject affidavit"—which included statements that were materially different than those originally given by Ms. Loud—in violation of Georgia Rule of Professional Conduct 3.4. (*Id.* at 11). As sanctions for this misconduct, the Court struck the materially different statements from Ms. Loud's affidavit, prohibited Ms. Loud from offering "such testimony in any hearing or trial of this matter," and ordered "Plaintiff's counsel [to] pay reasonable attorneys' fees related to [Defendants'] prosecution of th[e] motion" to exclude. (*Id.* at 12).

In the Order granting Defendants' Motion to Exclude Expert Testimony, the Court found that Plaintiff's expert witness disclosures for Dr. Venters "did not comply with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B)" and that "the nondisclosure was neither substantially justified nor harmless." (Doc. 69 at 4). The Court declined to "exclude the testimony of Dr. Venters" but, "to ensure the nondisclosure [would] not hinder Defendants' ability to prepare their case," the Court granted Defendants additional "time to depose Dr. Venters and disclose their experts" responding to his opinions. (*Id.* at 7). The Court also ordered Plaintiff's Counsel "to pay Defendants' attorneys' fees related to the [filing of this] Motion." (*Id.*).

Plaintiff filed the present Motion for Reconsideration on April 14, 2022, and Defendants responded on April 28, 2022. (Docs. 71, 73). Defendants submitted the Petition

for Attorneys' Fees on April 21, 2022. (Doc. 72). On May 26, 2022, Plaintiff filed her Response in Opposition to Defendants' Petition for Attorneys' Fees. (Doc. 76). Defendants submitted their Reply Brief in Support of the Petition for Attorneys' Fees on June 23, 2022. (Doc. 78). Plaintiff's Motion and Defendants' Petition are now ripe for review. *See* M.D. Ga. L.R. 7.3.1(A).

## I.    Plaintiff's Motion for Reconsideration

Plaintiff seeks reconsideration of the Court's March 31, 2022 Order excluding certain testimony by Nichelle Loud from future hearings or trial in this matter. (Doc. 71 at 1–2; *see* Doc. 70 at 11–12). Plaintiff's Motion is governed by Federal Rule of Civil Procedure 54(b) because it seeks reconsideration of a non-final order. *See Herman v. Hartford Life & Acc. Ins. Co.*, 508 F. App'x 923, 927 n.1 (11th Cir. 2013) (per curiam) (explaining that "a district court's authority to revise interlocutory orders . . . comes from Rule 54(b)" (citations omitted)). The Eleventh Circuit has held that an "order granting attorney's fees 'is not final'" until the court determines "the exact amount of fees to be awarded." *Metlife Life & Annuity Co. of Conn. v. Akpele*, 886 F.3d 998, 1008 (11th Cir. 2018) (quoting *Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship & Immigr. Servs.*, 452 F.3d 1254, 1256 (11th Cir. 2006)). Thus, the Court's March 31, 2022 Order was not a final judgment or order. Under Rule 54(b), a district court "has the power to modify or rescind its orders at any point prior to final judgment in a civil case." *Dietz v. Bouldin*, 579 U.S. 40, 46 (2016) (citing Fed. R. Civ. P. 54(b)) (other citations omitted); *see Harper v. Lawrence County*, 592 F.3d 1227, 1231 (11th Cir. 2010). "Although Rule 54(b) does not delineate the parameters of a district court's discretion to reconsider interlocutory orders," the Eleventh Circuit has "indicated that Rule 54(b) takes after Rule 60(b)." *Herman*, 508 F. App'x at 927 n.1 (citing *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 569 (11th Cir. 1990)). District courts in this circuit, therefore, generally recognize three grounds for reconsideration of prior orders under Rule 54(b): "(1) an intervening change in controlling law; (2) newly discovered evidence; or (3) a need to correct clear errors of fact or law or prevent manifest injustice." *Berisha v. Stan, Inc.*, 461 F. Supp. 3d 1257, 1259 (S.D. Fla. 2020) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)); *see, e.g.*,

3

*Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1378 (M.D. Ga. 2009) (citing *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222–23 (M.D. Ga. 1997)).

Plaintiff first objects to the Court's application of the legal standard for disqualification. (Doc. 71 at 3–5). Plaintiff argues that although "the party bringing the motion to disqualify bears the burden of proving the grounds for disqualification," Plaintiff "provided expert testimony confirming Plaintiff's counsel did not violate Georgia Rules of Professional Conduct 3.4(b)(3)"—while "Defendants provided no witnesses who claim or any evidence that shows the benefit [Ms.] Loud received was contingent upon her testimony." (*Id.* at 3–4). Plaintiff contends that Defendants' arguments and the Court's Order relied solely on the deposition testimony of Plaintiff's mother without acknowledging that Plaintiff's mother "specifically told Defendants['] . . . counsel that she was 'not sure of [Ms. Loud's] exact words,'" that the call was "a very emotional conversation for [her]," and that she did not remember several aspects of that conversation. (*Id.* at 3). Plaintiff further argues that at the evidentiary hearing held on October 21, 2021, Ms. Loud was "unmistakably clear that no actions whatsoever by attorney David Utter or FFI ever influenced or changed her testimony" and that "[t]he Court's reliance on [Plaintiff's] mother's deposition testimony to find a violation of Rule 3.4 . . . is clearly erroneous and an improper application of the law." (*Id.* at 4–5).

In the Order granting Defendants' Motion to Exclude Loud's Testimony in part, the Court clearly stated that "[t]he party moving to disqualify opposing counsel 'bears the burden of proving the grounds for disqualification.'" (Doc. 70 at 8 (first quoting *Thornton v. Hosp. Mgmt. Assocs., Inc.*, 787 F. App'x 634, 637 (11th Cir. 2019) (per curiam); and then citing *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003))). Furthermore, the Court's analysis relied not only on Plaintiff's mother's deposition testimony, but also considered the timeline of relevant events, the memo line of the check issued by the Claiborne Firm for Mr. Meeks, and Ms. Loud's testimony at the October 21, 2021 evidentiary hearing. (*See id.* at 11). The Court also made an explicit finding that Ms. Loud's testimony was not credible. (*Id.* at 10); *see Herrmann v. GutterGuard, Inc.*, 199 F. App'x 745, 752 (11th Cir. 2006) (per curiam) (explaining that a district court's

4

"[c]redibility determinations are entitled to great deference" (quoting *Ballard v. Comm'r*, 429 F.3d 1026, 1031 (11th Cir. 2005)).

While Plaintiff argues that the Court's Order was "clearly erroneous" and "an improper application of the law," she cites no authority supporting this claim. (*See* Doc. 71 at 5). Plaintiff's Motion also does not identify any "intervening change in controlling law" or "newly discovered evidence." *See Berisha*, 461 F. Supp. 3d at 1259. Instead, Plaintiff's Motion "amount[s] to no more than disagreement with the Court's reasoning and ultimate conclusions" and an attempt to "relitigate[] old matters." *See Gulisano v. Burlington, Inc.*, 34 F.4th 935, 945 (11th Cir. 2022) (citation omitted). Motions for reconsideration, however, are "not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008) (per curiam) (quoting *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995)).

Next, Plaintiff argues that "prohibiting any testimony by Ms. Loud on [(]1) [Defendant] SECMG's knowledge of Plaintiff's withdrawal symptoms and [(]2) whether Plaintiff fell in the shower or off her bunk bed is an improper and extreme sanction that hurts Plaintiff and its case." (Doc. 71 at 5). Plaintiff argues that under the Federal Rules of Evidence and Georgia case law, "every 'person is competent to be a witness except as otherwise provided in these rules,'" and that "excluding even parts of Ms. Loud's testimony is an extreme and unwarranted sanction." (*Id.* (quoting Fed. R. Evid. 601) (other citations omitted)). Under Federal Rule of Evidence 402, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." *United States v. Lowery*, 166 F.3d 1119, 1125 (11th Cir. 1999) (citing Fed. R. Evid. 402). The Eleventh Circuit has explained that, because "[s]tate rules of professional conduct are not included" in Federal Rule of Evidence 402's "exclusive list of the sources of authority for exclusion of evidence in federal court," a violation of these rules "cannot provide an adequate basis for a federal court to suppress evidence that is otherwise admissible." *Id.* at 1124–25; *see also Adams v. Austal, U.S.A.,*

5

*L.L.C.*, 569 F. App'x 732, 736 (11th Cir. 2014) (per curiam). The Court found that Plaintiff's Counsel had violated Georgia Rule of Professional Conduct 3.4. (Doc. 70 at 10–11). As noted above, however, the Court may not exclude evidence on this basis. Thus, as the Court committed a clear error of law by striking portions of Ms. Loud's affidavit and excluding some testimony, those sanctions are removed. The inconsistent portions of Ms. Loud's affidavit will not be stricken and Ms. Loud will not be prohibited from offering testimony on the matters discussed in her affidavit in any hearing or trial of this matter.

While the Court cannot exclude the testimony which has been tainted by Counsel's violation of the Georgia Rules of Professional Conduct through the payment made to Ms. Loud's criminal attorney, the use of the tainted testimony threatens the integrity of future judicial proceedings. *See Keyfer & Assocs. Inc. v. Brock*, No. 1:07-cv-2297-CC, 2009 WL 10672772, at *4 (N.D. Ga. Mar. 31, 2009) ("It is well-settled that the payment of fact witnesses . . . is improper and contrary to the administration of justice. . . . Indeed, '[f]inancial arrangements that provide incentives for the falsification or exaggeration of testimony threaten the very integrity of the judicial process which depends upon the truthfulness of the witnesses.'" (citations omitted)); *Ward v. Nierlich*, No. 99-14227-CIV, 2006 WL 5412626, at *4 (S.D. Fla. Sept. 18, 2006) ("[W]hether the money is paid incident to a settlement agreement, or simply to assure witness cooperation, the effect is the same: the witness has an incentive to testify favorably for the party paying him."), *R. & R. adopted*, (Doc. 499) (S.D. Fla. Jan. 10, 2007). Thus, Plaintiff must fully disclose to Defendant all non-privileged information related to any payments regarding Mr. Meeks' representation of Ms. Loud, and Defendants will be allowed to elicit and offer such evidence in the ongoing litigation of this matter. *See Fund of Funds, Ltd. v. Arthur Andersen & Co.*, 545 F. Supp. 1314, 1370 (S.D.N.Y. 1982) ("[I]t is permissible, indeed desirable, to bring any such payments to the attention of the jury and for counsel to comment upon the possible effect of large payments upon a witness' credibility." (citation omitted)); *United States v. McCarthy Improvement Co.*, No. 3:14-cv-919-J-PDB, 2017 WL 443486, at *20 (M.D. Fla. Feb. 1, 2017) (ruling that although the evidence did not establish the defendants' payment to a fact witness "induced her to alter her testimony," the plaintiff

6

would be allowed to "ask [the witness] about the payments on cross examination"). Should the case proceed to trial, the Court will consider whether it is appropriate to give a jury instruction explaining that the payment made to Mr. Meeks on Ms. Loud's behalf violated the Georgia Rules of Professional Conduct and may be considered in evaluating the credibility of her testimony. *See, e.g.*, *Platypus Wear, Inc. v. Horizonte Fabricacao Distribuicao Importacao Exportacao Ltda*, No. 08-20738-CIV, 2010 WL 625356, at *5 n.11 (S.D. Fla. Feb. 17, 2010) (reserving ruling on the plaintiff's request "that the jury be instructed that [the defendant] and its lawyers made improper payments to the three witnesses" but noting that "an instruction of some form" may be "appropriate"), *R. & R. adopted*, 2010 WL 1524691 (S.D. Fla. Apr. 15, 2010).

Accordingly, Plaintiff's Motion for Reconsideration (Doc. 71) is **GRANTED** as to the exclusion of paragraphs 4 and 5 of Ms. Loud's affidavit and Ms. Loud's testimony in future proceedings. (*See* Doc. 70 at 12). As set forth above, the Court hereby **ORDERS** that, if Plaintiff calls Ms. Loud as a witness, Plaintiff must fully disclose to Defendant all non-privileged information related to any payments regarding Mr. Meeks' representation of her, and Defendants will be allowed to elicit and offer such evidence in the ongoing litigation of this matter. The Court will consider whether it is appropriate to give a jury instruction explaining that the payment made to Mr. Meeks on Ms. Loud's behalf violated the Georgia Rules of Professional Conduct and may be considered in evaluating the credibility of her testimony. Specifically, as discussed below, Plaintiff's Counsel shall remain responsible for payment of Defendant's reasonable attorneys' fees related to the prosecution of the Motion to Exclude Loud's Testimony. (*Id.*). Plaintiff's Motion for Reconsideration (Doc. 71) is **DENIED** as to Plaintiff's remaining challenges to the Court's March 31, 2022 Order.

## II. Defendants' Petition for Attorneys' Fees

In the Petition for Attorneys' Fees, Defendants seeks a total fee award of $47,976.25, including $30,764.00 in attorneys' fees and $1,830.25 in expenses incurred in connection with their Motions to Exclude. (Doc. 72 at 1–2, 6–9). Plaintiff objects to the rates and amounts Defendants request, arguing that "the law does not support [application

of] a multiplier to increase [Defendants'] counsel's hourly rates" and that Defendants should not be awarded fees for "hours spent on unnecessary motions and issues" or "compensation for time entries that are vague." (Doc. 76 at 1).

Courts determine the amount of a reasonable fee award using the lodestar method—i.e., "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "There is a strong presumption that the lodestar yields a reasonable fee for this purpose." *In re Home Depot Inc.*, 931 F.3d 1065, 1082 (11th Cir. 2019) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010)). The party seeking fees "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). To satisfy this burden, the fee applicant must provide "the court with specific and detailed evidence from which the court can determine the reasonable hourly rate," as well as "records to show the time spent on the different claims[] and the general subject matter of the time expenditures." *Id.* (citation omitted).

### A. Reasonable Hourly Rates

Defendants request an hourly rate of $300.00 for the legal services of partners Charles Wainright and Alfreda Sheppard, partners at Watson Spence, LLP, and an hourly rate of $240.00 for the services of Maggie McMichael, an associate at the firm. (Doc. 72 at 7). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citation omitted). Generally, "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." *Barnes*, 168 F.3d at 437 (citation omitted). Additionally, the "[C]ourt is 'itself an expert' on the reasonableness of hourly rates and 'may consider its own knowledge and experience' on the topic." *Dial HD, Inc. v. ClearOne Commc'ns*, 536 F. App'x 927, 930 (11th Cir. 2013) (quoting *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).

Defendants state that their attorneys agreed to represent them "at a lower hourly rate" than what they typically charge clients because of their "longstanding relationship" with SECMG. (Doc. 72 at 6). Defendants argue that the fee award should not be tied to these discounted rates, however, as these rates "do not adequately measure the[] true market value" for the legal services provided. (*Id.* at 7). Instead, Defendants ask the Court to award rates that are more in line "with the prevailing rates in this jurisdiction[] for lawyers of reasonably comparable skill, experience, and reputation" and that "reflect the difficulty of the legal issues and the extensive legal work performed in this litigation." (*Id.* at 5–7). The discounted, customary, and requested hourly rates for Defendants' Counsel are as follows:

| Attorney | Position | Discounted Rate | Customary Rate | Requested Rate |
|---|---|---|---|---|
| Wainright | Partner | $200.00 | $350.00 | $300.00 |
| Sheppard | Partner | $200.00 | $300.00 | $300.00 |
| McMichael | Associate | $160.00 | $250.00 | $240.00 |

(*Id.* at 6–8). In an affidavit submitted in support of the Petition for Attorneys' Fees, Ms. Sheppard opines that the discounted rates "are below the market rates for similar work in Southwest Georgia by attorneys with similar experience" and that hourly rates of $300.00 for a partner and $240.00 for an associate are reasonable. (Doc. 72-1 ¶¶ 7–11).

In response, Plaintiff argues that "the law is clear that" enhancement is appropriate only in "rare and exceptional cases" where "there is a risk of no recovery in the case," but Defendants' Counsel "were never in any danger of non-payment." (Doc. 76 at 5 (first citing *Norman*, 836 F.2d at 1302; and then citing *In re Navistar Diesel Engine Prods. Liab. Litig.*, 2013 WL 4556362, at *1 (N.D. Ill. Aug. 11, 2013))). The Eleventh Circuit, however, has held that an "agreed-upon billing rate" in a contract between an attorney and their client "does not necessarily act as a cap or ceiling in determining the reasonable hourly rate" for the lodestar calculation. *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1337 (11th Cir. 2001) (per curiam). "Instead, the reasonable hourly rate should be

9

determined based on the reasonable worth of services rendered, so long as the rate results in no windfall for the prevailing party." *Id.* (citing *Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989)). Plaintiff has not offered any evidence that the requested hourly rates are unreasonable or would result in a windfall to Defendants.

Based on the experience, skills, and reputation of Defendants' Counsel and given the Court's own knowledge as to the relevant market rate, the Court finds that the hourly rates Defendants' request—$300.00 for Mr. Wainright and Ms. Sheppard and $240.00 for Ms. McMichael—are reasonable and accurately reflect the value of the legal services provided. Accordingly, the Court will apply these hourly rates in the lodestar calculation.

### B. Reasonable Hours Expended

Defendants seek reimbursement for a total of 161.1 hours worked: 135.7 hours related to the Motion to Exclude Loud's Testimony and 25.4 hours related to the Motion to Exclude Expert Testimony. (Doc. 72 at 6). As the party seeking fees, Defendants bear the burden of producing sufficient evidence for the Court "to determine what time was reasonably expended." *See Loranger*, 10 F.3d at 782. "Time spent is reasonable, and thus compensable, if it would be proper to charge the time to a client." *In re Home Depot Inc.*, 931 F.3d at 1087 (citation omitted). If a fee applicant "does not exercise billing judgment" by excluding hours that are "excessive, redundant, or otherwise unnecessary," the court is "obligated to do it for them." *Id.* (first quoting *Norman*, 836 F.2d at 1301; and then quoting *Barnes*, 168 F.3d at 428). When a court concludes that "the number of hours claimed is unreasonably high," it may either "conduct an hour-by-hour analysis" or "reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

In support of their Petition for Attorney's Fees, Defendants submitted billing records that provide a detailed accounting of the time Mr. Wainright, Ms. Sheppard, and Ms. McMichael billed in connection with each Motion to Exclude and a description of the tasks performed. (Doc. 72-1 at 8–12, 14–15). Defendants' Counsel represents "that they have exercised billing discretion by eliminating duplicative time and time spent inefficiently" and that all hours set forth in the billing records "were necessary and

10

reasonable in the prosecution of the respective issues" raised in their Motions to Exclude. (Doc. 72 at 5; *see* Doc. 72-1 ¶¶ 5, 12).

Plaintiff argues that time Defendants' Counsel expended on "unnecessary or unsuccessful claims" should be excluded. (Doc. 76 at 6). "[T]he party opposing the fee application" has an "obligation to identify the hours that should be excluded with some degree of specificity." *Rodriguez v. Molina Healthcare Inc.*, 806 F. App'x 797, 804 (11th Cir. 2020) (per curiam) (first citing *Barnes*, 168 F.3d at 428; and then citing *Norman*, 836 F.2d at 1301). Plaintiff first objects to the "16 hours" of time spent preparing "a motion to compel *after* the March 18, 2021 status conference with the Court" regarding a subpoena issued to FFI. (Doc. 76 at 6). This time was "completely unnecessary," Plaintiff argues, "given the negotiations that started on March 19, 2021, regarding a proposed protective order" and the "production of [responsive] documents" that followed. (*Id.*). Defendants "do not agree that" the hours expended on this motion were "unnecessary," but state that they "are willing to amend their request for those attorneys' fees" since the motion to compel was ultimately never filed. (Doc. 78 at 6). Thus, the Court will exclude from the lodestar calculation the hours worked on the motion to compel, as identified below:

| Date | Attorney | Description | Hours |
|---|---|---|---|
| 3/18/21 | Sheppard | Initial outline for motion to compel | .8 |
| 3/19/21 | Wainright | Outline thoughts on motion to compel | 1.0 |
| 3/23/21 | Sheppard | Planning with Mr. Wainright and Mr. Middleton re: Motion to Compel | .8 |
| 4/14/21 | Sheppard | Initial drafting of motion to compel to FFI | 6.7 |
| 4/15/21 | Sheppard | Edits and revisions made to draft motion to compel | 3.0 |
| 4/18/21 | McMichael | Review/edit ALS's draft of motion to compel discovery from FFI | 1.0 |
| 4/19/21 | McMichael | Work on motion to compel discovery from FFI | 1.0 |
| 4/20/21 | McMichael | Work on motion to compel discovery from FFI | 1.7 |
|  |  | **TOTAL** | **16.0** |

(Doc. 76-1 at 11).

Next, Plaintiff contends that the following time entries in Defendants' Counsel's billing records are overly vague:

| Date | Attorney | Description | Hours |
|---|---|---|---|
| 1/5/21 | McMichael | Continue work on motion exclude testimony of Nichelle Loud and to disqualify Plaintiff's counsel | 4.5 |
| 3/30/21 | Sheppard | Drafted reply brief in support of Defendant's motion to exclude testimony of Ms. Loud | 6.4 |
| 10/4/21 | Sheppard | Research on ethics issue in preparation for hearing | 3.4 |
| 10/15/21 | Sheppard | Hearing prep for next week | 4.0 |
| 10/19/21 | Sheppard | Prepare for hearing tomorrow | 4.5 |
| 11/10/21 | Sheppard | Drafted outline for cross examination of expert witness | 5.8 |
| 2/25/22 | Sheppard | Drafted response to Plaintiff's post hearing brief and memorandum | 6.5 |

(Doc. 76 at 7; Doc. 76-1 at 9–12). Plaintiff argues that these time entries "fail to adequately explain what [that attorney] worked on." (Doc. 76 at 7). In response, Defendants contend that the descriptions, viewed in the context of the timeline of proceedings, contain sufficient detail for "the Court to conduct a meaningful review of the reasonableness of the time spent" on each task and should not be excluded. (Doc. 78 at 6–7).

To demonstrate hours worked are reasonable, billing records should "show the time spent on the different claims" and describe the "general subject matter of the time" with "sufficient particularity" such that the "court can assess the time claimed for each activity." *Barnes*, 168 F.3d at 427 (citation omitted). The Court finds that Defendants' Counsel's billing records provide sufficient detail about the hours spent by an attorney on a given task and the nature of the work performed. Considering the complexity of the legal issues raised in Defendants' Motions to Exclude, the preparation required for status conferences, the evidentiary hearing, and depositions related to the Motions, as well as the multiple rounds of briefing involved, Defendants have established that the hours billed were appropriately

12

and reasonably expended. After excluding the 16 hours connected to the draft motion to compel, the Court finds that the billing records do not include any hours "that are excessive, redundant, or otherwise unnecessary," and no further reduction is warranted. *See In re Home Depot Inc.*, 931 F.3d at 1087 (citation omitted).

### C. Lodestar Amount and Adjustments

By multiplying the number of hours reasonably expended by Defendants' Counsel by the reasonable hourly rates, the Court calculates a lodestar amount of $41,568.00:

| Attorney | Rate | Hours[1] | | Total Fees |
|---|---|---|---|---|
| Wainright | $300.00 | 15.0 + 3.2 = | 18.2 | $5,460.00 |
| Sheppard | $300.00 | 82.3 + 11.9 = | 94.2 | $28,260.00 |
| McMichael | $240.00 | 22.4 + 10.3 = | 32.7 | $7,848.00 |
| | **TOTAL** | 119.7 + 25.4 = | **145.1** | **$41,568.00** |

After determining the lodestar amount, a court may consider "alter[ing] the lodestar to reflect attorney success or lack thereof.'" *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1164 (11th Cir. 2017) (citing *Norman*, 836 F.2d at 1302). A reduction may be warranted, for example, if the lodestar amount is "excessive" in light of the "degree of success obtained." *United States v. Everglades Coll., Inc.*, 855 F.3d 1279, 1292 (11th Cir. 2017) (quoting *Hensley*, 461 U.S. at 436) (emphasis omitted). Plaintiff argues that a reduction is necessary to reflect Defendants' failure to obtain the full relief sought in the Motions to Exclude. (Doc. 76 at 3–5). Plaintiff asserts that a reduction of 75% is warranted here because the Court ultimately declined to exclude the expert testimony by Dr. Venters, only partially limited Ms. Loud's testimony, and did not disqualify Plaintiff's Counsel from representing Plaintiff in this matter. (*Id.* at 4–5).

The Court finds no merit in Plaintiff's requested reduction. Although the Court declined to grant every form of relief sought by Defendants, the lodestar is not unreasonable or excessive given the "massive waste of judicial and private resources"

---

[1] The total hours are provided as the hours related to the Motion to Exclude Loud Testimony and hours related to the Motion to Exclude Expert Testimony.

and reasonably expended. After excluding the 16 hours connected to the draft motion to compel, the Court finds that the billing records do not include any hours "that are excessive, redundant, or otherwise unnecessary," and no further reduction is warranted. *See In re Home Depot Inc.*, 931 F.3d at 1087 (citation omitted).

### C. Lodestar Amount and Adjustments

By multiplying the number of hours reasonably expended by Defendants' Counsel by the reasonable hourly rates, the Court calculates a lodestar amount of $41,568.00:

| Attorney | Rate | Hours[1] | | Total Fees |
|---|---|---|---|---|
| Wainright | $300.00 | 15.0 + 3.2 = | 18.2 | $5,460.00 |
| Sheppard | $300.00 | 82.3 + 11.9 = | 94.2 | $28,260.00 |
| McMichael | $240.00 | 22.4 + 10.3 = | 32.7 | $7,848.00 |
| | **TOTAL** | 119.7 + 25.4 = | **145.1** | **$41,568.00** |

After determining the lodestar amount, a court may consider "alter[ing] the lodestar to reflect attorney success or lack thereof.'" *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1164 (11th Cir. 2017) (citing *Norman*, 836 F.2d at 1302). A reduction may be warranted, for example, if the lodestar amount is "excessive" in light of the "degree of success obtained." *United States v. Everglades Coll., Inc.*, 855 F.3d 1279, 1292 (11th Cir. 2017) (quoting *Hensley*, 461 U.S. at 436) (emphasis omitted). Plaintiff argues that a reduction is necessary to reflect Defendants' failure to obtain the full relief sought in the Motions to Exclude. (Doc. 76 at 3–5). Plaintiff asserts that a reduction of 75% is warranted here because the Court ultimately declined to exclude the expert testimony by Dr. Venters, only partially limited Ms. Loud's testimony, and did not disqualify Plaintiff's Counsel from representing Plaintiff in this matter. (*Id.* at 4–5).

The Court finds no merit in Plaintiff's requested reduction. Although the Court declined to grant every form of relief sought by Defendants, the lodestar is not unreasonable or excessive given the "massive waste of judicial and private resources"

---

[1] The total hours are provided as the hours related to the Motion to Exclude Loud Testimony and hours related to the Motion to Exclude Expert Testimony.

resulting from Plaintiff's Counsel's misconduct and discovery violations. *See Rivas v. Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017) (per curiam) (citing *Perez v. Miami-Dade County*, 297 F.3d 1255, 1263 (11th Cir. 2002))). Further, Defendants' Motions did not raise a "series of discrete claims" such that the Court could simply "divide the hours expended on a claim-by-claim basis." *See Hensley*, 461 U.S. at 435. Instead, the Court must "focus on the significance of the overall relief obtained . . . in relation to the hours reasonably expended" by Defendants. *See id.* Overall, Defendants successfully argued that Plaintiff's Counsel had violated their discovery obligations and ethical duties and obtained significant relief as a result. Accordingly, the Court finds that no adjustment to the lodestar is warranted.

### D. Expenses

Defendants also seek to be reimbursed for certain expenses incurred in the prosecution of their Motions to Exclude, including:

| Expense Description | Amount |
|---|---|
| Expert deposition fee of Plaintiff's expert witness, David Lefkowitz | $952.00 |
| Court reporter fee for deposition of David Lefkowitz | $753.35 |
| Court reporter fee for October 20, 2021 evidentiary hearing transcript | $74.70 |
| Copies of Plaintiff's exhibits for October 20, 2021 evidentiary hearing | $50.20 |
| **TOTAL** | **$1,830.25** |

(Doc. 72 at 8). Defendants submitted receipts and invoices verifying the listed expenses and corresponding amounts. (Doc. 72-1 at 17–20). Plaintiff does not contest any of Defendants' requested expenses. (*See* Doc. 76).

Upon review of the supporting documentation submitted by Defendants, the Court finds that these expenses are attributable to the prosecution of the Motions to Exclude and were reasonably incurred. Accordingly, the Court finds that Defendants are entitled to

reimbursement for **$41,568.00** in attorney's fees and **$1,830.25** in expenses, for a total award of **$43,398.25**.

### E. Stay of Fee Award Pending Appeal

Plaintiff asks "that any Order requiring payment of [Defendants'] attorney fees be stayed pending an appeal on the Court's [underlying Orders] at issue in the fee petition and any final judgment." (Doc. 76 at 8). The Court has discretion to postpone payment of a fee award pending resolution of an appeal. *See, e.g.*, *Cunningham v. Hamilton County*, 527 U.S. 198, 210 (1999) ("[A] district court can reduce any hardship" that a sanctions order may impose "by reserving until the end of the trial decisions such as . . . when to order collection."); *Tsavaris v. Savannah L. Sch., LLC*, No. 4:18-cv-125, 2021 WL 261272, at *9 (S.D. Ga. Jan. 26, 2021) (collecting cases). Defendants argue that the "Court need not determine whether a stay is warranted because Plaintiff has failed to timely file notice of an appeal." (Doc. 78 at 7). Because, however, the Court's "sanction[s] orders [are] not immediately appealable under the collateral order doctrine because the propriety of the sanctions award is intertwined with the merits" of this case, the time to file an appeal has not lapsed. *See Blaier v. Amps Staffing, Inc.*, No. 22-12681, 2022 WL 16757096, at *1 (11th Cir. Sept. 20, 2022) (citing *Cunningham*, 527 U.S. at 205–09). As granting a stay of payment would not disturb the Parties' ongoing discovery efforts, cause increased damages, or impact the Parties' ability to progress in this litigation, the Court finds that delaying payment of the sanctions award until the conclusion of this case is appropriate and in the interest of judicial economy. *See, e.g.*, *Snider-Hancox v. NCL (Bahamas) Ltd.*, No. 17-cv-20942, 2021 WL 5869585, at *1 (S.D. Fla. Nov. 3, 2021) (noting that the court had "exercised [its] discretion to 'reduce any hardship on [plaintiff]'" by delaying "collection of the sanction[s]" until "the end of the trial" (citing *Cunningham*, 527 U.S. at 210)). Thus, the Court will exercise its discretion and stay the Order solely as to the Petition for Attorney's Fees pending an appeal of this issue.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Reconsideration (Doc. 71) is **GRANTED in part** and **DENIED in part**. Defendants' Petition for Attorneys' Fees

(Doc. 72) is **GRANTED in part**. Pursuant to the Court's Orders granting in part Defendants' Motions to Exclude (Docs. 69, 70), Plaintiff's Counsel is **ORDERED** to pay Defendants **$41,568.00** in attorney's fees and **$1,830.25** in expenses. Payment of this award is **STAYED** pending appeal of the Order on Defendants' Petition for Attorneys' Fees.

      **SO ORDERED**, this 22nd day of March, 2023.

                              /s/ Leslie A. Gardner
                              **LESLIE A. GARDNER, JUDGE**
                              **UNITED STATES DISTRICT COURT**